UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00217-FDW

| | |
|---|---|
| MATTHEW OLIVER ALFORD, ) | |
| ) | |
|  Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, et al., ) | |
| ) | |
|  Respondents. ) | |

**THIS MATTER** is before the Court upon initial review of Matthew Oliver Alford's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis ("IFP"). (Doc. No. 2.)

**I. BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, according to North Carolina Department of Public Safety Records, was convicted in Haywood County Superior Court of second-degree murder. He was sentenced to life in prison. Judgment was entered on June 3, 1993.[1] Petitioner did not file a direct appeal. See § 2254 Pet. at 2, Alford v. Beck, et al., No. 1:06-cv-00095-GCM (W.D.N.C.), Doc. No. 2.

After unsuccessfully seeking post-conviction review in the state courts, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on February 22, 2006. See id. at 22. He claimed his 1993 judgment was invalid under Apprendi v. New Jersey,

---

[1] See NCDPS Offender Public Information, https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view.

1

530 U.S. 466 (2000). See Order Dismiss. § 2254 Pet. at 2, id. at Doc. No. 4. The Court dismissed the Petition as untimely on April 3, 2006. Id. at 6-7. Petitioner's appeal was dismissed by the Fourth Circuit Court of Appeals on October 4, 2007. See Fourth Cir. J., id. at Doc. No. 14.

Petitioner filed the instant habeas Petition on August 1, 2018, claiming that the trial court lacked subject matter jurisdiction to enter judgment against him in 1993 because his murder indictment was fatally defective.[2] (Habeas Pet. 3-5, Doc. No. 1.) He also claims that the State's use of a "short form" murder indictment violated his rights under the Fifth, Sixth and Fourteenth Amendments to the federal Constitution. (Habeas Pet. 8.) Petitioner purports to bring this action under 28 U.S.C. § 2241.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to examine habeas petitions promptly. 28 U.S.C. § 2254 Rule 4. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the court must dismiss the motion. Id.

## III. DISCUSSION

Section 2241 of Title 28 of the United States Code provides a federal court with the power to grant a writ of habeas corpus to a prisoner housed within its jurisdiction who demonstrates that he or she is in custody in violation of the Constitution, or laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The Fourth Circuit has held, however, that

---

[2] To the extent Petitioner attempts to challenge criminal judgments imposed several years later in Buncombe County (Habeas Pet. 3, Doc. No. 1), he is prohibited from doing by Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a petitioner seeking relief from judgments of more than one state court to file a separate petition covering the judgment or judgments of each court. See 28 U.S.C. § 2255 Rule 2(e).

"regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of [28 U.S.C.] § 2244(b)." In re Wright, 826 F.3d 774, 779 (4th Cir. 2016). Therefore, § 2241 habeas petitions brought by prisoners like Petitioner, who are in custody under a state criminal judgment, are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3). See id.

Section 2244(b)(3) expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). If the prisoner files a subsequent habeas petition without authorization from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

As demonstrated, Petitioner has previously challenged his 1993 criminal judgment by way of a § 2254 petition, which this Court dismissed as untimely. See Order Dismiss. § 2254 Pet. at 6-7, Alford, No. 1:06-cv-00095-GMC, Doc. No. 4. A dismissal of a habeas petition as time-barred is a decision on the merits and any subsequent habeas petition challenging the same conviction or sentence is 'second or successive' for purposes of § 2244(b). See In re Rains, 659

3

F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (deciding that when first § 2254 petition was dismissed as time-barred, later petition is successive); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); Altman v. Benik, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam) (holding that "previous untimely petition does count as a prior application under § 2244(b)"). Accordingly, the instant habeas Petition is successive under § 2244(b).

Petitioner has not demonstrated that he has obtained the required authorization from the Fourth Circuit to file a successive habeas petition challenging his 1993 judgment. See § 2244(b)(3)(A). Consequently, the Court does not have jurisdiction to consider the instant habeas Petition, and it must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus, 28 U.S.C § 2241, (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive habeas petition;

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED** solely for the purpose of entering this Order; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing

of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 14,

Frank D. Whitney
Chief United States District Judge